## THE STATE, DEFENDANT IN ERROR, v. ARCHIBOLD HERRON, PLAINTIFF IN ERROR.

Argued November 17, 1908—Decided November 27, 1908.

1. Since the revision of the Criminal Procedure act (*Pamph. L.* 1898, *p.* 915, § 136), when the entire record of the proceedings had upon the trial of a criminal cause is returned with the writ of error, the court is not authorized to review the evidence adduced upon trial.

2. Under section 137 of the Criminal Procedure act of 1898, where the plaintiff in error elects to take up the entire record with his writ of error, he must specify the causes in the record relied upon for relief or reversal with sufficient precision to apprise the court and the counsel for the state of the injury of which he complains.

3. In a criminal case where the defence is insanity, it is not error to refuse to charge that if the evidence creates a reasonable doubt

of the defendant's sanity the jury must find the defendant not guilty on the ground of insanity.

4. In a criminal case where expert medical witnesses testify that the defendant is insane and no expert testimony is offered in rebuttal, it is not error to refuse to charge that their testimony stands uncontradicted, or that the state had the right to rebut the expert testimony but failed so to do.

5. It is not a good cause for the reversal of a judgment in a criminal case, under section 136 of the Criminal Procedure act, that the trial judge commented or expressed an opinion upon the testimony, provided the facts in issue were submitted to the jury for its decision.

On error to Middlesex Oyer and Terminer.

For the plaintiff in error, *Charles T. Cowenhoven.*

For the state, *George Berdine,* prosecutor of the pleas.

The opinion of the court was delivered by

SWAYZE, J.    The plaintiff in error was convicted of murder in the first degree, and has elected to bring up the entire record under section 136 of the Criminal Procedure act.   His counsel in the argument of the case urged a reversal upon the ground that the evidence must leave a reasonable doubt of the defendant's guilt in every considerate mind, and relied upon our opinion in *Kohl* v. *State,* 30 *Vroom* 445.   That case, however, was decided under the act of 1894. *Gen. Stat.,* *p.* 1154, *pl.* 170.   Under that act the Appellate Court was required to order a new trial if it appears in the record that the plaintiff in error suffered manifest wrong or injury upon the evidence adduced upon the trial.   This act now appears as section 136 of the revised Criminal Procedure act (*Pamph. L.* 1898, *p.* 916), but the revisers were careful to omit the provision for a new trial where the injury arose upon the evidence adduced upon the trial below, and we have decided in a case arising under the revised act that we are no longer required to review the whole evidence.   *State* v. *Jaggers,* 42 *Vroom* 281.   Our right to review such injuries arose wholly out of this statutory provision, and with its repeal we are no longer authorized to review for such a cause.

Much of the argument on behalf of the plaintiff in error was directed to the admission and rejection of evidence. These alleged errors are supposed to be covered by general reasons that the judge rejected legal evidence and admitted illegal evidence. The Criminal Procedure act, by section 137, which was inserted in the act by the revisers in 1898, requires that in all cases where the plaintiff in error shall elect to take up the entire record with his writ of error, he shall specify the causes in the record relied upon for relief or reversal and shall serve a copy of the causes so relied upon, on the attorney-general or prosecutor of the pleas. The object of this section is plain. It was to apprise the court and the counsel for the state of the cause for reversal with sufficient precision to make the point intelligible. It should, therefore, where the objection is to the admission or rejection of evidence, point out the precise evidence which was erroneously admitted and the precise offer which was erroneously rejected. If this is not done it becomes incumbent upon the counsel for the state and the court to examine the whole of a record which may be very voluminous, and the object of the act is not achieved. We think the causes as assigned in this case are too general to avail the plaintiff in error. We have, however, *in favorem vitæ,* examined the particular points of which complaint is made in the brief for the plaintiff in error, and do not find that he has suffered manifest wrong or injury either in the admission or rejection of this testimony.

It was argued with apparent confidence that the court should have charged that if the evidence of the experts and all the witnesses created a reasonable doubt of the defendant's sanity, then the jury must find the defendant not guilty on the ground of insanity. The law is settled to the contrary. *Graves* v. *State,* 16 *Vroom* 347; *Winters* v. *State,* 32 *Id.* 613.

The defendant at the trial, in order to prove his insanity, produced two medical witnesses, who testified that he was insane. This testimony was not met by medical testimony on the part of the state, and it is insisted that the court should have charged that their testimony stood uncontradicted, and that the state had a right to rebut it but failed so to do. The

trial judge carefully reviewed the testimony in this respect and correctly stated the rule of law, leaving it to the jury to decide as to the mental responsibility of the prisoner. This, we think, was all that he was required to do. The request presented no legal rule and amounted to no more than a request that the court should comment upon the absence of medical testimony on the part of the state. The character of the comments which were made upon the testimony was within the discretion of the trial judge, and we do not find anything to indicate that he abused that discretion.

The stress of the argument for the plaintiff in error was directed to the comments made by the trial judge upon the testimony, particularly the testimony of the medical experts as to the prisoner's mental condition. It is enough to say that these comments were within the latitude allowed by our decisions. We think his comments were justified by what was said by Chief Justice Hornblower in *State* v. *Spencer*, 1 *Zab.* 196, 208, and by this court in *Winters* v. *State*, 32 *Vroom* 613, 617. The facts in issue as to the insanity of the prisoner and as to his guilt upon the evidence were fairly left to the jury. Where that is done it is the province of the trial judge to comment upon the evidence. *Donnelly* v. *State*, 2 *Dutcher* 463; *Engel* v. *State*, 21 *Vroom* 272; *State* v. *Hummer*, 44 *Id.* 714.

A careful examination of the whole record in the case fails to show that the plaintiff in error has suffered manifest wrong or injury in any of the respects which we are required to consider by the one hundred and thirty-sixth section of the Criminal Procedure act, and the judgment must be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, J.J.    14.

*For reversal*—None.